# IN THE COURT OF APPEALS OF IOWA

No. 22-1046
Filed May 24, 2023

**JAMIE LEE COLE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Laura J. Parrish, Judge.

The applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

Daniel A. Dlouhy of Dlouhy Law, P.C., East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Jamie Cole challenges the denial of his application for postconviction relief (PCR) following his 2015 conviction for indecent exposure. On appeal, Cole claims he received ineffective assistance from trial counsel in four ways; he points to the alleged denial of his right to testify, failure of counsel to withdraw (and allow him to represent himself, as he wished), denial of access to standby counsel, and denial of his right to legal resources. On our review, we agree with the PCR court's decision and affirm.

**I. Background Facts and Proceedings.**

In May 2015, Cole was being held in the local county jail. While there, it was alleged that on two separate dates, Cole indecently exposed himself to a correctional officer in violation of Iowa Code section 709.9 (2015).[1] Cole was charged with two counts of indecent exposure, which were enhanced as sexually predatory offenses.

In June, Cole filed a pro se motion for self-representation. Shortly thereafter, Cole's first attorney filed a motion to withdraw, noting Cole asked her to do so and there had been a breakdown in communication between them.

---

[1] Section 709.9 provided:

> A person who exposes the person's genitals or pubes to another not the person's spouse, or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor, if:
> 1. The person does so to arouse or satisfy the sexual desires of either party; and
> 2. The person knows or reasonably should know that the act is offensive to the viewer.

Following a hearing, the court granted the motion to withdraw and appointed a different attorney to represent Cole—one he specifically requested.

Almost immediately, Cole filed a pro se "motion to fire" his second counsel. In the same motion, Cole asked the court to "enter an order compelling the jail staff to allow him requested legal materials and to acknowledge, without hearing, his request to represent himself." The court denied Cole's motion following a hearing.

Cole then filed another motion to have his attorney withdraw and to represent himself. At the July 28 hearing, when asked about the motion for counsel to withdraw, Cole told the court he would "withdraw that" because he and the attorney "ha[d] talked since then." The court then spoke to Cole, clarifying that he was also withdrawing his request to represent himself:

> THE COURT: Okay. That resolves that. There is a motion to represent yourself. I presume that is withdrawn as well; is that correct or not?
> COLE: Well, it must have been one of them that we had a hearing on a couple weeks ago.
> THE COURT: No, this was filed on July 21. You filed a great many things, and so today is the 28th, and so there was no hearing on that. But in any regard, I assume that you're withdrawing that.
> COLE: Yeah, that's the one that—I want to withdraw that.

At the reported pre-trial conference, Cole's attorney stated—when the State was discussing the admissibility of certain evidence it would want to use if Cole testified at trial—"We do not anticipate Mr. Cole testifying." Cole was personally present; he did not express any disagreement with his attorney's statement. Later, when the State discussed Cole's prior convictions and whether they would be used to impeach him, Cole's attorney again reiterated that Cole would not be testifying.

The case was tried to a jury in a one-day trial. The State presented two witnesses: the correctional officer who complained of Cole's actions and the jail

administrator whom initially received the complaint. After the State rested, Cole's attorney moved for judgment of acquittal, which was denied. The court asked if there was "anything else at this point," and trial counsel responded, "No, sir. We will not be presenting—we will rest when we go back on the record." Cole did not testify; no record was made of his waiver of the right to do so. After deliberating, the jury convicted Cole of only count I. Cole was later sentenced to two-years in prison, which he was ordered to serve consecutive to his sentence in another case.

Cole appealed his judgment and sentence, arguing he was denied the right to represent himself and the evidence was insufficient to support his conviction. A panel of this court concluded that Cole abandoned the request to represent himself at the July 28 hearing and substantial evidence supported his conviction. *See State v. Cole*, No. 15-1517, 2016 WL 7403719, at *2 (Iowa Ct. App. Dec. 21, 2016).

Cole initiated this PCR action in 2019. With the assistance of counsel, he later filed an amended application, asserting he was denied effective assistance of counsel because (1) he was denied the right to testify on his own behalf at the underlying criminal trial, (2) counsel failed to cease representing Cole when he wanted to represent himself, and (3) counsel failed to provide Cole legal information so he could prepare for trial.

At the evidentiary hearing, Cole testified he wanted to testify at trial but his counsel "was trying to talk [him] out of taking the stand." He stated he requested legal materials to research case law about his right to testify. According to Cole, his biggest concern was getting to testify, which is why he requested to represent himself—"because [he] knew if [he] represented [him]self [he] would be able to

testify." When asked what he would have said in his testimony at the criminal trial if given a chance, Cole stated:

> Well, these two nights . . . there was nothing any different from—from [the jail administrator] and [correctional officer] both testifying that ten previous occasions to this they came to my door and observed me masturbating.
>
> I was going to testify, you know, that, again, I was on my bunk masturbating. Sure, I—I seen her; but I didn't expect her to stay there for the three seconds she testified to because it—it doesn't take three seconds to count and make sure I'm there and then leave. I mean, it just don't. So why would she stand there and—and—and observe something that was making her sick to her stomach, like she testified to.
>
> I wasn't doing it to show myself to her, but I was actually caught in the act of masturbating because at that point I didn't think they—they cared because they didn't tell me at any point. They didn't warn me. They didn't do anything.
>
> . . . .
>
> I think the jail rules read that you have to have your pants on, okay, but you can have your shirt on; and on—on the first count—on—on the night one, they're saying that my pants were on the floor, which I don't contest that. They probably were. But then on night two, they were pulled down.
>
> . . . .
>
> I think it was Count I, she testified that—that I looked up, I looked her in the face or looked her in the eyes, and then I looked back down and continued masturbating. I—I would have testified that, yes, that did happen because I didn't expect her to stand there and observe me or to continue to stand there and observe me.

Cole's trial attorney also testified at the PCR hearing. He testified that he did not think Cole's testimony was needed to present his defense and that he believed Cole would do poorly on cross-examination. According to the attorney, he "never said [Cole] couldn't testify, but [he] would give him [his] recommendation that [he] didn't think it was necessary."

The district court denied Cole's PCR application, concluding he failed to prove he received ineffective assistance from trial counsel. The court ruled that Cole was not prevented by counsel from testifying, finding that "[t]he final decision

[about him testifying] was Cole's to make, after receiving [trial counsel's] recommendation, and [trial counsel] believed they were on the same page regarding Cole not testifying." Additionally, "[e]ven if Cole had testified consistent with the statements he offered at the [PCR] proceeding," it was unlikely that the outcome of his trial would have been different because "Cole's intention in testifying was not to offer a significantly different set of facts; rather, he wished to offer further explanation or justification for his actions." Regarding his claim counsel was ineffective for failing to withdraw and allow him to represent himself, the district court noted this court already ruled that Cole abandoned his request to represent himself; Cole could not establish otherwise in the PCR action. And finally, the court considered Cole's claim he was denied access to legal materials. Cole explained during his testimony that he wanted access to legal materials to establish his right to represent himself. But as "[n]o one disputes that a criminal defendant has a constitutional right to represent himself and there is no evidence in this record that [trial counsel] or the Court wrongfully denied Cole that right," he cannot establish prejudice on this claim.

Cole appeals.

## II. Standard of Review.

We generally review PCR actions for correction of errors at law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). But we review constitutional issues, like the alleged ineffective assistance of trial counsel, de novo. *Id.*

## III. Discussion.

"[A]ll [PCR] applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice

resulted." *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011). "We start with the presumption that the attorney performed competently and proceed to an individualized fact-based analysis." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). "Even if [the applicant] can show his counsel made a professionally unreasonable error, the judgment shall not be set aside unless it can be shown the error had an effect on the judgment." *Id.* It is Cole's burden to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). We will affirm the district court's rejection of an ineffective-assistance-of-counsel claim if Cole fails to establish either prong. *See Lamasters*, 821 N.W.2d at 866. We consider each of the claims Cole raises on appeal.

**1. Denial of Right to Testify.**

Cole argues his trial counsel provided ineffective assistance by denying him his right to testify in his own defense. But the trial attorney testified he advised Cole against testifying but did not prevent him from doing so and he believed Cole was "on the same page" with him about Cole's testimony not being helpful to his case; the PCR court found this testimony credible. We defer to the district court's credibility findings. *Cox v. State*, 554 N.W.2d 712, 715 (Iowa Ct. App. 1996). Plus, the trial attorney's testimony seems to be supported by other parts of the record. Twice before trial—with Cole present—the trial attorney indicated that he did not expect Cole to testify. Cole, who had filed a number of pro se motions and was not reticent to address the court directly, said nothing in response to these statements.

Because trial counsel credibly testified he did not prevent Cole from testifying, Cole failed to prove counsel breached an essential duty. This claim fails.[2]

**2. Failure of Trial Counsel to Withdraw.**

Cole maintains trial counsel was ineffective for failing to withdraw so he could represent himself. This court already decided that Cole abandoned the request to represent himself at the July 28 hearing. *Cole*, 2016 WL 7403719, at *2. And "[a] [PCR] proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point." *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971) (citation omitted). Section 822.8 "is 'clear and unambiguous . . . . Relitigation of previously adjudicated issues is barred.'" *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) (quoting *Wetzel*, 192 N.W.2d at 764). As Cole may not relitigate the issue, we do not consider this claim further.

**3. Denial of Access to Standby Counsel.**

For the first time, Cole argues here on appeal that trial counsel had a duty to advise him that he could have standby counsel while representing himself. But,

---

[2] Insofar as Cole alleges counsel breached a duty by failing to get his waiver of his right to testimony on the record, that claim also fails. As everyone involved in this case was surely aware, it is best practice to get the defendant's waiver of their right on the record. But trial counsel does not have a duty to do so. *See State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003) ("[T]he defendant makes the related argument that trial counsel was ineffective in failing to require the court to make an inquiry of the defendant concerning his decision not to testify. . . . Because we determine the trial court had no duty to address the defendant personally concerning his decision not to testify, no additional record is necessary to conclude as a matter of law that trial counsel was not ineffective for failing to raise this meritless issue.").

as he did not raise the issue below, the district court did not rule on it—as Cole recognizes. So it is not preserved for our review, and we do not consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also Goode v. State*, 920 N.W.2d at 526 ("As a general rule, we do not address issues presented on appeal for the first time, and we do not remand cases to the district court for evidence on issues not raised and decided by the district court.").

### 4. Denial of Right to Legal Resources.

Finally, Cole argues trial counsel breached a duty that prejudiced him when counsel denied him access to legal research materials. At the PCR hearing Cole testified, "I can't actually say that I was requesting specific legal materials, but I was requesting—it's—it's as much as I can remember, I was requesting to be able to—I wanted to research case law about being able to take the stand . . . ." Cole has not provided any authority to establish that counsel had a duty to fulfill his vague request for legal materials. And we will not undertake his research for him. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Because Cole has not established that counsel breached a duty, this claim of ineffective assistance fails.

**IV. Conclusion.**

We agree with the district court; Cole did not prove his trial counsel provided ineffective assistance. We affirm the denial of Cole's PCR application.

**AFFIRMED.**